IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL MCCULLOUGH )
)
v. ) NO. 3:15-0795
)
TIM STAVELY, et al. )

TO: Honorable Aleta A. Trauger, District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered July 24, 2015 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 32) filed by Defendants Tim Stavely and Sandra Cox. Plaintiff has not responded to the motion. For the reasons set out below, the Court recommends that the motion be granted.

## I. BACKGROUND

Plaintiff is an inmate of the Tennessee Department of Correction currently confined at the Trousdale Turner Correctional Facility in Hartsville, Tennessee. On July 17, 2015, he filed this lawsuit *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 seeking damages based upon events

alleged to have occurred at the Houston County Jail ("Jail") in Erin, Tennessee, where he was previously confined. Plaintiff alleges that he was denied treatment for a variety of medical, dental, and mental health issues while at the Jail in 2015, causing him to suffer needless pain and causing his maladies to worsen. *See* Complaint (Docket Entry No. 1). He further alleges that he was denied medical care and was treated more harshly than other inmates at the Jail as retaliation for filing a civil rights lawsuit against the Houston County Sheriff.[1] Plaintiff identifies Jail employees Tim Stavely ("Stavely") and Sandra Cox ("Cox") (hereinafter referred to collectively as "Defendants") as the individuals responsible for the alleged wrongdoings. Defendants are sued in both their individual and official capacities.

Upon initial review of the Complaint under 28 U.S.C. §§ 1915 and 1915A, the Court found that Plaintiff had stated colorable constitutional claims that: 1) Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of his Eighth Amendment rights; and 2) Defendants retaliated against Plaintiff for exercising his rights under the First Amendment. *See* Docket Entry No. 3 at 2. Defendants answered the Complaint, *see* Docket Entry Nos. 14 and 27, and the Court entered a scheduling order setting out deadlines for pretrial activity in the action. *See* Docket Entry No. 20.

In their motion for summary judgment, Defendants argue that the undisputed facts establish that they are entitled to judgment as a matter of law in their favor. They contend that Plaintiff cannot set forth any evidence supporting the allegations that he was denied constitutionally adequate medical care or that he was retaliated against or otherwise mistreated while confined at the Jail. To

---

[1] On April 29, 2015, Plaintiff sued Houston County Sheriff Kevin Sugg under 42 U.S.C. § 1983 for civil rights violations. *See Michael McCullough v. Kevin Sugg*, 3:15-0499. A motion for summary judgment from Defendant Sugg is pending in that action.

2

the contrary, they argue that the prison records they submit in support of their motion show that Plaintiff was regularly provided with medical treatment and that the acts he contends were retaliatory were all routine matters of Jail management or were appropriate actions taken to manage Plaintiff's own disruptive behavior at the Jail. Defendants also raise the defenses of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) and failure to allege a physical injury as required by 42 U.S.C. § 1997e(e). Defendants support their motion with the declarations of Stavely (Docket Entry No. 37), Cox (Docket Entry No. 38), and Kevin Sugg (Docket Entry No. 40), as well as with copies of Jail documents and Plaintiff's medical care records. *See* Docket Entry Nos. 40-1 to 40–36, Docket Entry No. 41, and Docket Entry Nos. 41-1 to 41-47.

By Order entered February 26, 2016 (Docket Entry No. 42), Plaintiff was notified of the motion and given a deadline of April 29, 2016, to file a response. To date, no response has been filed by Plaintiff.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431

(6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. CONCLUSIONS

Although the allegations in Plaintiff's Complaint were sufficient to permit the case to survive initial frivolity review under 28 U.S.C. §§ 1915 and 1915A, Plaintiff has not responded to the arguments made by Defendants in their dispositive motion, has not responded to their statement of undisputed facts in support of summary judgment (Docket Entry No. 35) as required by

Rule 56.01(c) of the Local Rules of Court, and has not set forth any evidence supporting his claims. When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by Defendants, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of his obligation to point to admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Because Plaintiff has not offered any actual evidence supporting his version of the facts alleged in his Complaint, the only evidence in the record is that provided by Defendants. This evidence, even when viewed in the light most favorable to Plaintiff as the non-moving party, fails to support the constitutional claims alleged in this action.

The evidence shows that Plaintiff was housed at the Jail from February 15, 2015, to August 3, 2015.[2] *See* Declaration of Sugg (Docket Entry No. 40) at ¶¶ 41 and 89. During this time period,

---

[2] Defendants' evidence sets out Plaintiff's lengthy history of incarceration and medical treatment at the Jail, going as far back as 2000. However, the time period relevant to the claims in this action is February, 2015 to August, 2015.

the undisputed medical records and other evidence submitted by Defendants show that he received numerous examinations by physicians and other medical providers, was transported to the local hospital for examinations, had his blood pressure and heart rate checked, was prescribed medications and given a medical diet, and had x-rays taken upon his complaints. *Id*.; Docket Entry Nos. 41-28 to 41-47. There is no evidence showing that Plaintiff suffered from a serious medical need that was ignored or that either Defendant acted with deliberate indifference to such a need as required for a claim that a prisoner's medical care was so deficient that it violated the protections of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not even come close to supporting such a conclusion. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. *See Estelle*, 429 U.S. at 106; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

The undisputed evidence also shows that Plaintiff was a management problem at the Jail because of his disruptive behavior and that Jail staff were required to impose some restrictions upon his housing and privileges at the Jail in order to manage his behavior. *See* Declaration of Sugg; Docket Entry Nos. 40-5, 40-13, 40-14, 40-15, 40-18, 40-20, 40-24, 40-25, 40-30 and 40-31. Plaintiff clearly objected to these restrictions, but there is no evidence before the Court that supports a

conclusion that any of these restrictions were imposed on Plaintiff because of a retaliatory animus on the part of either Defendant due to Plaintiff's civil rights lawsuit against the Houston County Sheriff. Such a showing is required for a claim of retaliation. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Conclusory allegations of a retaliatory motive, such as those made by Plaintiff, fail to raise a genuine issue of fact for trial. *Murray v. Unknown Evert*, 84 Fed.App'x. 553, 556, 2003 WL 22976618 (6th Cir. Dec. 8, 2003).

In the end, there is no evidence before the Court showing that Plaintiff was treated by Defendants in a manner that violated his constitutional rights. Indeed, the evidence before the Court supports the opposite conclusion. *See* Declarations of Stavely and Cox. There is further no evidence that would support a claim of municipal liability based on the official capacity claims brought against Defendants. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Based upon the evidence that is before the Court and in light of the complete lack of evidence from Plaintiff supporting his claims, no reasonable jury could find in his favor on his claims and Defendants are entitled to summary judgment in their favor on the merits of Plaintiff's claims. Given the complete lack of evidence supporting Plaintiff's claims, the Court finds it unnecessary to address any of the alternative arguments for dismissal raised by Defendants.

## RECOMMENDATION

Based on the forgoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 32) filed by Defendants Tim Stavely and Sandra Cox be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge